# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL DREWS,**

    Plaintiff,

  v.                                                          **Case No. 20-CV-702**

**SUSAN PETERS and HANNAH UTTER,**

    Defendants.

## ORDER

    Plaintiff Michael Drews, who is confined at the Green Bay Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that he has urinary retention issues and that the defendants ordered him to reuse a single-use catheter, in violation of the Eighth Amendment to the United States Constitution. Although this case is assigned to U.S. District Judge Lynn Adelman, on June 9, 2020, Judge Adelman referred the case to this court to handle pretrial proceedings. (ECF No. 8.) Drews has filed a motion to amend the complaint and a motion to appoint counsel. (ECF Nos. 15, 16.)

    Drews's motion to amend the complaint is a one-page document in which he simply states that he is asking the court to "please accept this amended complaint." (ECF No. 15.) This statement is followed by a paragraph summarizing the original complaint's allegations. Drews is advised that he may file an *amended* complaint without leave of the court within twenty-one days after the defendants file a

responsive pleading to the original complaint. Fed. R. Civ. P. 15(a)(1)(B). If Drews filed a comprehensive amended complaint within this time period, I will screen it under 28 U.S.C. § 1915A.[1] Because the defendants have not yet filed a responsive pleading to the original complaint, Drews did not need to file a motion to amend the complaint and I will deny his motion to amend. However, because Drews did not file a comprehensive amended complaint, there is no amended complaint to screen under 28 U.S.C. § 1915A.

Drews has filed a motion to appoint counsel along with a supporting brief and declaration. (ECF Nos. 16-18.) He states that he cannot afford counsel, this case involves complex issues, his prison is on "total lockdown" due to the COVID-19 pandemic and his only access to the prison law library is with a court deadline, and he has limited knowledge of the law. (ECF No. 16.) Drews also states that he wrote to three lawyers in the last thirty days for help handling this case. (*Id.*)

---

[1] If Drews wants to amend the complaint and more than twenty-one days have passed since the defendants filed a responsive pleading to the original complaint, then Drews must file a motion to amend the complaint along with a comprehensive proposed amended complaint. Fed. R. Civ. P. 15(a)(2). Drews is advised that the court's Local Rules provide in relevant part:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.
>
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

Civil L.R. 15(a), (b) (E.D. Wis.)

In a civil case, there is no right to court-appointed counsel. However, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity

3

as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

While Drews states that he contacted three lawyers in the last thirty days, he has not provided the names of the lawyers and, without that additional information, I cannot determine whether he has made a reasonable attempt to find a lawyer. Moreover, while this case involves a medical issue, it is not complex and Drews appears to have very good knowledge and understanding of the issue involved regarding his single-use catheter. In addition, his filings are articulate and show that he can advocate himself. After the defendants file a responsive pleading to the complaint, the court will issue a scheduling order setting deadlines for the completion of discovery and filing dispositive motions. These deadlines should allow Drews access to the prison law library. If Drews needs more time, he should file a motion for extension of time with the court. In sum, because Drews has not shown that he made a reasonable attempt to find a lawyer on his own and because he is competent to

4

represent himself at this time, the court will deny without prejudice Drews's motion to appoint counsel.

**THEREFORE, IT IS ORDERED** that Drews's motion to amend complaint (Docket #15) is **DENIED**.

**IT IS FURTHER ORDERED** that Drews's motion to appoint counsel (ECF No. 16) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Drews a pro se guide, Answers to Prisoner Litigants' Common Questions, along with this order.

**IT IS FURTHER ORDERED** that a party may serve and file objections to this order within fourteen days of being served with the order. See Fed. R. Civ. P. 72(a). The district judge will consider a timely objection and will modify or set aside this order or any part of this order only if it is clearly erroneous or contrary to law.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2020.

                                               **BY THE COURT:**

                                               s/*Nancy Joseph*
                                               NANCY JOSEPH
                                               United States Magistrate Judge