# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL DREWS,**

    Plaintiff,

v.                                                                                                   **Case No. 20-CV-702**

**SUSAN PETERS and HANNAH UTTER,**

    Defendants.

---

## ORDER

---

Plaintiff Michael Drews, who is confined at the Green Bay Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. United States District Judge Lynn Adelman screened the complaint and allowed Drews to proceed on an Eighth Amendment claim based on allegations that the defendants ordered Drew to reuse a single-use catheter for his urinary retention issues. (Docket # 7.) Drews has filed a motion to amend the complaint along with a proposed amended complaint. (Docket ## 24, 24-1.)

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

In his motion to amend, Drews states that he would like to add RN Cassandra Baier as a defendant. (Docket # 24.) Drews's proposed amended complaint reiterates his allegations that the defendants ordered him to reuse a single-use catheter for his Detrusoratonia condition, from which he has lifelong bladder issues that require catheterization multiple times per day to empty his bladder. Drews alleges that after he transferred from Dodge Correctional Institution to Green Bay Correctional Institution in December 2017, the defendants stopped providing him with a Urojet syringe (used to inject a lidocaine-based solution prior to insertion of the catheter for lubrication and to numb the area), a new catheter prior to each self-catheterization, and anti-bacterial swabs and gloves for proper hygiene. Drews alleges that the defendants failed to follow a specialist's recommendations and that his supplies were reduced the more he complained. Defendant Baier allegedly refused to provide him with a sterile catheter. Out of frustration, Drews tied the catheter he had been forced to reuse in a knot so she would have to give him a new one. Baier allegedly accused Drew of destruction of state property and had him placed in segregation.

Drews alleges that in December 2019, he complained to PSU (psychological services unit) that he was frustrated with having to use a "straight catheter" and that he was embarrassed about having to wake up in a pool of his own urine and that he was likely to cope with the issues by engaging in self-harm. PSU followed up with defendant Utter, but she allegedly failed to take any action.

2

Drews alleges that his clothes, sheets, and blankets are constantly contaminated due the urine leakage. He requested to be allowed daily showers and to exchange clothes more frequently. Instead of allowing daily showers, the defendants issued Drews diapers.

The catheters the defendants provide Drews state on the packaging that the product should not be reused or sterilized. Despite this, the defendants gave Drews soap and a kidney basin and instructed him to clean the catheter three to five time a day for thirty days. The packaging of the soap the defendants provide Drews states that it should not be used on the genital area and is intended only for external use, yet the defendants instruct Drews to use it on an instrument that is then inserted into the genital area of his body.

Drews alleges that the denial of lidocaine, lubrication, Oxybutynin, showers, gloves, and iodine swabs cause physical pain. He also alleges that he and his cell reek of urine which causes him to be shunned by other inmates and an object of ridicule among the prison population. In addition, the improper reuse of catheters has caused urinary tract infections and continues to put Drews at risk of bladder and kidney infections.

Drews may proceed on his new allegations under the Eighth Amendment. The court will order the amended complaint to be served on the new defendant.

**THEREFORE, IT IS ORDERED** that Drews's motion to amend complaint (Docket # 24) is **GRANTED**. The proposed amended complaint (Docket # 24-1) is the operative complaint.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the amended complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Cassandra Baier.

**IT IS FURTHER ORDERED** that the defendants file a response to amended complaint within twenty-one days of the date of this order.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2020.

                                                        **BY THE COURT:**

                                                        s/*Nancy Joseph*
                                                        NANCY JOSEPH
                                                        United States Magistrate Judge