# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL DREWS,**

    Plaintiff,

v.                                  Case No. 20-CV-702

**SUSAN PETERS,**
**HANNAH UTTER, and**
**CASSANDRA BAIER,**

    Defendants.

## ORDER

This case was referred to Magistrate Judge Duffin for early mediation. The case did not settle and has been returned to this court to address non-dispositive pretrial motions.

Plaintiff Michael Drews has filed a request that the court order counsel for the State defendants to provide him with a copy of all his medical records. (Docket # 41.) Drews states that he agreed to sign a health care release after counsel said she would give him a copy of "everything she gets." He includes two letters to him from counsel. In the first letter, dated September 8, 2020, counsel thanks Drews for signing his health release and states they will provide him with a copy of his records after they receive them. (Docket # 41-1.) In the second letter, dated October 9, 2020, counsel states that his PSU and HSU records number over 5000 pages and that they can provide him with the 5000 pages at his expense. (Docket # 41-2.) Counsel also states

that they are in the process of narrowing down his HSU records to his past few months of treatment and that they will provide him with that narrowed set free of charge once it is ready. (*Id.*)

The State defendants contend that the court should deny Drews' request for court order because it is unreasonable and unduly burdensome to expect them to print and ship a bale of records (10 reams of paper). (Docket # 42 at 3.) They also state that Drews' motion contains a gross misrepresentation that the only reason he agreed to sign the medical authorization was because defense counsel said she would provide him with a copy of everything she gets. (*Id.* at 1.) The defendants point out that Drews signed that medical authorization on August 31, 2020, and that the authorization says that copies will be provided at his expense. (*Id.* at 2.) The defendants state that they have provided Drews with a free copy of over 300 pages of his records as a one-time professional courtesy. (*Id.* at 2-3.) And they assert that Drews can request to review his medical records at prison and that he can request photocopies. (*Id.* at 3.)

As an initial matter, I have not yet issued a scheduling order setting the discovery deadline. Thus, Drews' motion is premature. Moreover, the court agrees that it would be unduly burdensome to order the defendants to provide Drews with all 4000 plus pages of his HSU and PSU medical records. Drews has been in prison since 2008 and many of these records are likely not relevant to his claim in this case. Drews may request to review his medical records at prisoner and he may request photocopies of records that he needs.

2

**THEREFORE, IT IS ORDERED** that Drews' motion for order (Docket # 41) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge